JAMES P. A. WALDRON, APPELLANT, v. GEORGE OLSEN, APPELLEE.

Submitted March 23, 1911—Decided June 6, 1911.

The District Court has no power to enforce by attachment for contempt an order made under section 2 of the act amending "An act respecting any execution," directing a judgment debtor to make payments at stated periods on account of an unsatisfied judgment against him, unless the refusal to obey the order is fraudulent. To commit a person to jail for non-observance of such order is, in the absence of fraudulent refusal, imprisonment for debt, which is forbidden by the constitution.

On appeal from First District Court of Jersey City.

Before Justices SWAYZE, BERGEN and MINTURN.

For the appellant, *John Francis Gough.*

The opinion of the court was delivered by

BERGEN, J. The case settled by the District Court judge is that the plaintiff had a judgment against the defendant on which execution was issued and returned unsatisfied, whereupon an order for discovery was made in aid of the execution and testimony taken upon which the court made an order directing the defendant to pay $2 each week on account of the judgment, and after payments were made amounting to $8, the defendant defaulted, and an order was made requiring him to show cause why he should not be attached for contempt. The court refused the attachment upon the ground that it would amount to imprisonment for debt, and from this order the plaintiff appeals.

While the record before us does not show the petition or proceedings upon which the order to pay on account of the unsatisfied judgment was based, the presumption is in favor of the legality of the order which is based upon the only authority therefor, namely, section 24 of "An act respecting any execution," as amended in 1907. *Pamph. L., p.* 363, § 2. This act provides that if it be disclosed upon the examination of any judgment debtor that he "is entitled to, and is in receipt of, an income or any property or money or things in action held in trust for the debtor, except such trust funds as are now exempt by law, then it shall be lawful for the judge granting said order to direct the judgment debtor to make payments at stated periods in installments, and upon such terms and conditions as the said judge may direct, out of any such income, on account of the said unsatisfied judgment." The power to enforce obedience to an order or subpœna by attachment and imprisonment in the county jail is conferred upon the District Court by section 204 of the act

relating to such courts. *Pamph. L.* 1898, *p.* 556. The distinct question is thus presented whether the District Court, having made an order that a judgment debtor pay installments on account of the unsatisfied judgment, based upon the finding that the debtor is "in receipt of an income," or entitled to "property or money held in trust" for him, except such trust funds as are now exempted by law, can enforce that order by attachment for contempt and the confinement of the debtor in the county jail. There is nothing in this record which shows either that the debtor fraudulently refused to pay, or having the ability and property sufficient therefor, to justify the inference that he had the ability and willfully refused. The permissible inference is, judging from the amount he was ordered to pay, that the order was based upon the amount of his current earning.

That a refusal to pay money or apply property in the hands of a debtor or another for his use, and under his control, is a fraud within the meaning of the constitutional prohibition against imprisonment for debt was determined in *Ex parte Clark, Spenc.* 648, but in that case the statute required proof that the debtor unjustly or unlawfully refused to pay, and Chief Justice Hornblower said that if it rested upon the naked refusal of the debtor to apply money or property in his possession, he would have doubts whether, from the generality of its terms, it did not come in conflict, not only with the constitution, but with good sense.

As I have above said there is nothing in the present record which shows any fraud on the part of the debtor beyond that to be inferred from the fact that he did not obey the order, and, manifestly, that is no evidence of fraud. The act of 1907, *supra*, does not even require a refusal to apply the income, and the order may be made if the debtor is entitled to money or property, or in receipt of an income, and while such an order may properly be made in aid of an execution, without proof of fraud, still a very different condition arises when the court undertakes to enforce the payment of the money by imprisonment without any proof of fraud or of any

facts from which fraud may be justly inferred. It is beyond the power of the legislature to provide for the imprisonment of a debtor by way of attachment for contempt, in aid of an execution issued on a judgment for a debt, in the absence of fraud, and a statute which authorizes imprisonment, simply because the debtor is entitled to property, or is in receipt of an income, without an unlawful or fraudulent refusal to apply it in payment of his debt appearing, or being required, is a statute permitting imprisonment for debt generally without regard to the question of fraud, and contravenes the constitution in that particular. All that is required under the act of 1907 is proof of income, it is not necessary that it appear that defendant refused to apply it, nor would his necessities in life be any answer, for if he has an income, he must apply it to the payment of his debt, or run the risk of being imprisoned. It seems to me that before the District Court undertakes to enforce an order for the payment of a debt out of the debtor's income, to the extent of imprisonment, it should appear that in addition to the receipt of income he is fraudulently refusing to obey the order of the court.

The act permitting the making of an order directing a debtor to make partial payments on account of a judgment against him is written in very extensive terms, but in my opinion the disobedience of such an order is not a sufficient basis for imprisonment in proceedings to enforce payment by attachment for contempt, unless it be made to appear that the non-observance by the debtor is due to a fraudulent intent to evade it.

The judgment below is affirmed, with costs.